# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 6, 2006

131423

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
            Plaintiff-Appellee,

v

STAN JAMARIO-DENEKE BLOCKTON,
            Defendant-Appellant.

SC: 131423
COA: 266239
Genesee CC: 04-013868-FC

_____/

On order of the Court, the application for leave to appeal the May 26, 2006 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Genesee Circuit Court to amend the judgment of sentence to reflect the correct maximum sentence of 48 months for felonious assault, MCL 750.82.

In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

YOUNG, J., concurs and states as follows:

I concur in the order remanding to the circuit court to amend the judgment of sentence, and otherwise denying leave to appeal. In his application for leave to appeal, defendant argued that the trial court's decision to upwardly depart from the sentencing guidelines was not supported by substantial and compelling factors that were objective and verifiable. Defendant did not raise the issue whether the United States Supreme Court's decision in *Blakely v Washington*, 542 US 296 (2004), applied to Michigan's intermediate sentencing guidelines scheme. MCL 769.34(4)(a). Generally, appeals are limited to those issues raised in the application for leave to appeal, MCR 7.302(G)(4), and arguments not raised and preserved for review are deemed waived. *People v Stanaway*, 446 Mich 643 (1994).

CORRIGAN, J., joins the statement of YOUNG, J.

2

KELLY, J., would grant leave to appeal.

MARKMAN, J., dissents and states as follows:

I dissent and would instead remand this case to the Court of Appeals for consideration as on leave granted. This case squarely raises the question whether, and to what extent, the United States Supreme Court's decision in *Blakely v Washington,* 542 US 296 (2004), applies to Michigan's intermediate sentencing guidelines scheme. MCL 769.34(4)(a). The trial court based its sentencing departure on facts that were not part of defendant's criminal history, admitted by defendant, or proven to a jury beyond a reasonable doubt. Thus, this case presents an appropriate vehicle for determining whether, when the guidelines call for an intermediate sanction, *Blakely* precludes the imposition of a prison sentence based on such other facts.

CAVANAGH, J., joins the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 6, 2006

Clerk

p1003